BERKEY *v.* CHASE BAG COMPANY.

[No. 14,896. Filed November 24, 1933. Rehearing denied February 1, 1934.]

176

*Guy W. Dausman, Warren Berkey,* and *Weddell Berkey,* for appellant.

*Henry L. Humrichouser,* for appellee.

DUDINE, J.—Appellant received a compensable injury which arose out of and in the course of his employment by appellee. They entered into an agreement for compensation for one hundred weeks for 66 2/3% permanent partial impairment of appellant's foot, and the agreement was approved by the Industrial Board. About two years later appellant filed an application for review of the award on account of change of conditions, alleging that the injury had recurred and increased. A hearing was had on the application by a single member of the Industrial Board, and then by the full Board, each of which hearings resulted in an award for the defendant. The full board found that the disability of appellant had not increased, recurred, nor resulted in an increased permanent partial impairment.

Appellant appeals from the award of the full board assigning as error that the award is contrary to law. The only contention made by appellant is that the evidence is insufficient to support the finding.

Appellee has filed and insists upon a motion to dismiss the appeal for alleged insufficiency of the transcript, which motion is not without merit but we have concluded to determine this appeal upon its merits.

Upon an application by the employee to review an award on account of a change in conditions the burden of the applicant is to prove there has been a change of condition since the last preceding award, which change of condition resulted in increased disability or impairment. In the instant case the Industrial Board found there had not been such a change of condition. If the award is sustained by any competent evidence, this court must affirm the award.

Appellant himself testified that when the agreement was signed he used a cane while walking, but at the time of the hearing he walked without a cane.

■ A doctor who testified as appellant's witness, testified that up to the time of the hearing the impairment of the foot was total.

That evidence is sufficient to support the finding of the Board that there had been no change of conditions.

Evidence showing that conditions were really different from what they were agreed to be, or found by the Industrial Board to be, at the time of making

■ the last preceding award does not support an application for review on account of a change of conditions.

Award affirmed.